THIS WILL MEMORIALIZE OUR RECENT CONVERSATION WITH RESPECT TO THE IMPROPRIETY OF INDIVIDUAL LEGISLATORS ATTEMPTING TO INFLUENCE INDIVIDUAL ADJUDICATIONS PENDING BEFORE STATE ADMINISTRATIVE AGENCIES (IN THIS PARTICULAR CASE, THE OKLAHOMA TAX COMMISSION). WHILE YOU HAVE INDICATED THAT YOU ARE AWARE THAT IT WOULD BE IMPROPER TO ATTEMPT TO EXTEND SUCH INFLUENCE, YOU HAVE ASKED FOR ADDITIONAL INFORMATION ABOUT THE LEGAL BASES FOR YOUR INSTINCTIVE FEELINGS ABOUT SUCH ISSUES.
THERE ARE AT LEAST THREE GOOD REASONS FOR AVOIDING THE EXERCISE OF SUCH INFLUENCE.
1. THE FIRST FALLS UNDER THE GENERAL HEADING OF SEPARATION OF POWERS AS SET OUT IN ARTICLE IV, SECTION 1, OF THE OKLAHOMA CONSTITUTION WHICH PROVIDES THAT:
 THE POWERS OF THE GOVERNMENT OF THE STATE OF OKLAHOMA SHALL BE DIVIDED INTO THREE SEPARATE DEPARTMENT: THE LEGISLATIVE, EXECUTIVE, AND JUDICIAL; AND ACCEPT AS PROVIDED IN THIS CONSTITUTION THE LEGISLATIVE, EXECUTIVE AND JUDICIAL DEPARTMENTS OF GOVERNMENT SHALL BE SEPARATE AND DISTINCT. AND NEITHER SHALL EXERCISE THE POWERS PROPERLY BELONGING TO EITHER OF THE OTHERS."
STATE BOARDS AND AGENCIES WHICH EXERCISE ADJUDICATIVE AUTHORITY IN INDIVIDUAL PROCEEDINGS ARE, WHEN THEY ARE SO ACTING, EXERCISING THE JUDICIAL POWER OF THE STATE OF OKLAHOMA. SEE, OKLAHOMA CONSTITUTION, ARTICLE VII, SECTION 1.
THEREFORE, ANY ATTEMPT BY THE LEGISLATURE TO ENCROACH ON THOSE ADJUDICATIVE POWERS WOULD VIOLATE THE OKLAHOMA CONSTITUTION.
2. ADDITIONALLY, THE EXERCISE OF SUCH INFLUENCE BY A LEGISLATOR MAY RUN AFOUL OF 74 O.S. 4246(H)(2) (1989). THAT STATUTE IMPLIEDLY PROHIBITS A MEMBER OF THE LEGISLATURE FROM INTERFERING IN ANY PROCEEDING BEFORE A STATE DEPARTMENT, AGENCY, BOARD, OR COMMISSION, EXCEPT FOR THE PURPOSE OF ASCERTAINING THE STATUS OF A MATTER PENDING BEFORE ONE OF THOSE ENTITIES. THUS, THERE ARE STATUTORY CONCERNS AS WELL.
3. THE THIRD REASON FOR AVOIDING LEGISLATIVE INFLUENCE IN INDIVIDUAL PROCEEDINGS IS THAT THE LEGISLATURE HAS ENACTED NUMEROUS STATUTES, OVER MANY YEARS, CONFERRING SUCH MATTERS TO THE SOUND AND INDEPENDENT DISCRETION OF THE OKLAHOMA TAX COMMISSION. AGGRIEVED PARTIES ARE GRANTED STATUTORY RIGHTS OF IMMEDIATE APPEAL TO THE OKLAHOMA SUPREME COURT. IT WOULD BE ANOMALOUS IN THE EXTREME FOR THE LEGISLATURE TO CAREFULLY CRAFT THE PROCEDURE FOR RESOLVING SUCH DISPUTES AND TO SUBSEQUENTLY TAMPER WITH THAT PROCEDURE BY EXTRA-LEGISLATIVE MEANS.
(NED BASTOW)